UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-05985-AH-(PVCx) | Date | July 17, 2026 |
| Title | *Jesus Carvajal v. Southwest Airlines Co., et al.* | | |

| | |
|---|---|
| Present: The Honorable | Anne Hwang, United States District Judge |

| | |
|---|---|
| Yolanda Skipper | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint filed in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where a party contests, or the court questions, a party's allegations concerning the amount in controversy, both sides shall submit proof, and the court must decide

whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88-89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *amended on denial of reh'g by*, 387 F.3d 966 (9th Cir. 2004).

The Court has reviewed the Notice of Removal ("NOR") and is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(a). In the NOR, Defendant Southwest Airlines Co. states that "[o]n May 7, 2026, along with the Summons and Complaint, Plaintiff's counsel caused to be served Plaintiff's Statement of Damages on Defendant, SOUTHWEST AIRLINES CO., setting forth total general damages, collectively in the amount of $6,000,000.00, with Medical Expenses in the amount of $35,929.00, and Future Medical Expenses to be determined." NOR, Dkt. No. 1, ¶ 3. Defendant filed the Statement of Damages with its NOR as an exhibit. *See* Dkt. No. 1-3. A damages estimate "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002). A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a "bold optimistic prediction." *Molina v. Lexmark Intern., Inc.,* 2008 WL 4447678, *4 (C.D. Cal. Sept. 30, 2008) (quoting *Surber v. Reliance Nat'l Indem. Co.,* 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)); *see also, e.g., Marquez v. Lowe's Home Ctr., LLC,* 2024 WL 1323549, at *2 (C.D. Cal. Mar. 27, 2024). The Statement of Damages does not explain how Plaintiff arrived at these estimates, nor does Defendant submit any evidence supporting such estimates. The Court finds that the $6,000,000 figure in the Statement of Damages is a "bold optimistic prediction" which alone is insufficient to establish that the jurisdictional amount is met.

Accordingly, the parties are **ORDERED TO SHOW CAUSE**, in writing, within **fourteen (14) days** of the entry of this Order, why this action should not be remanded for lack of subject matter jurisdiction. Responses shall be limited to ten (10) pages in length. As Defendant is the party asserting federal jurisdiction, Defendant's failure to respond timely and adequately to this Order shall result in remand of the action without further notice.

**IT IS SO ORDERED.**